UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY ADAMS,<br><br>          Plaintiff,<br><br>    v.<br><br>COMMUNITY HOUSING PARTNERSHIP,<br><br>          Defendant. | Case No. 23-cv-06073-WHO<br><br>**ORDER RESOLVING DEPOSITION DISPUTE**<br><br>Re: Dkt. No. 69 |

The parties are once again at odds. This time, the dispute centers around plaintiff Amy Adams's deposition and production of documents. It goes without saying that these are the types of issues that counsel should be able to resolve between themselves without court supervision.

**A.  Deposition**

Adams was one hour late to her scheduled November 20, 2024, deposition in Berkeley, California, because her car was broken into. The deposition started at around 11:00 A.M. instead of 10:00 A.M., and Adams sat for approximately 3.5 hours of time on the record. At the deposition, defendant Community Housing Partnership (d/b/a and hereafter, "HomeRise") noted that Adams' deposition would need to be continued to another day to be completed, but Adams objected. HomeRise now asks that I order Adams to appear for an additional 2.5 hours of deposition.[1]

Rule 30(d)(1) provides that absent a stipulation or order from the court, a deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The court, however, "must allow

---

[1] HomeRise concedes that the location chosen for the original deposition closed early, which further limited its ability to obtain a complete deposition. Dkt. No. 69 at p. 3:6-8. Considering this, it only seeks 2.5 of the 3.5 available deposition hours that remain.

additional time consistent with Rule 26(b)(1) and (2) "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1); *see also Carbajal v. OMNI Hotels Mgmt. Corp.*, 2021 WL 6618602 (C.D. Cal. Nov. 1, 2021).

Here, defense counsel's opportunity to examine Adams was limited both because she was an hour late to her scheduled deposition and the location chosen by defendant closed at 5 p.m. Because Adams is the sole plaintiff in this case, the interests of justice require that HomeRise be given a reasonable amount of time to examine her. I GRANT its request that Adams sit for an additional 2.5 hours of deposition (bringing the total testimony time to six hours). And it is not unreasonable for the deposition to occur in Berkeley. If the parties agree, of course, the deposition may instead be conducted via Zoom.

Defense counsel must become a member of the bar of this court prior to the resumption of the deposition. She should only ask questions that are relevant. I expect both counsel to demonstrate professionalism throughout the remainder of this case.

### B. Document Production

HomeRise also asks that I order Adams to search for categories of documents identified in the deposition notice for which it claims she has not yet searched. Dkt. No. 69 at 3:9-20. Adams says that she has already completed her search for and production of responsive documents and that she has no additional responsive documents. *Id.* at 3:22-25, 5:14-26. I will take Adams at her word. I see no reason to order her to repeat her search and production process. Defendant may of course question her further about her search and the documents it revealed at the second part of her deposition; if disputes arise from that testimony, the parties may present the conflict to me in a joint letter. HomeRise's request is otherwise DENIED.

**IT IS SO ORDERED.**

Dated: December 2, 2024

William H. Orrick
United States District Judge

2